[Civ. No. 3141. First Appellate District, Division Two.—November 26, 1919.]

THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA (a Corporation), Respondent, v. S. MAUDE HANSEN, Appellant; RUDOLPH MAUSARD et al., Defendants.

[1] Judgments—Total of Items Left Blank—Effect of.—A judgment which specifically sets forth the several amounts due from the defendants is not indefinite and uncertain because the total of the respective sums is not computed and entered therein, but is left blank.

[2] Summons — Manner of Service — Right of Defendant Voluntarily Appearing to Question.—A defendant who voluntarily appears and submits herself to the jurisdiction of the court is not concerned with the manner of service upon other defendants.

[3] Pleading — Nonpayment — Sufficiency of Allegation.—In an action to foreclose a mortgage, an allegation that the defendants have defaulted in the payment of the principal sum of said note, together with interest thereon from a certain date, at the rate of six per cent per annum, no part of which said sum, nor interest thereon, has been paid, constitutes a sufficient allegation of nonpayment as against a general demurrer.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. E. Davis for Appellant.

Cassius D. Blair for Respondent.

LANGDON, P. J.—This action was brought for the fore-closure of a mortgage set out in full in the complaint, as was also the note secured by the mortgage. Said note was given by the defendants, Rudolph Mausard and Edith Mausard, his wife. The mortgage was also given to secure the payment of attorneys' fees in any reasonable amount fixed by the court, the payment of all costs and expenses of suit and also all sums that the mortgagor might pay for search-ing the title of the mortgaged property subsequent to the date for recording the mortgage, and all sums advanced by the mortgagor for taxes, assessments, encumbrances, etc.

There were eighteen parties defendant whose names were known to plaintiff and four sued under fictitious names. The defendants against whom judgment was taken were served with summons, and all defaulted except Timothy Goodwin, who filed an answer which denied on information and belief the allegations of the complaint, and set up the fact that the defendant Gilbert L. Dennison had executed a lease of a portion of the premises to him—the said Timothy Goodwin—and that his claim to the premises was represented by said lease, the terms of which were alleged. It was also alleged that said Timothy Goodwin makes no further claim whatsoever to said described property. Later, the said Timothy Goodwin confessed and acknowledged judgment in favor of the plaintiff as prayed for in its com-plaint. It does not appear that any service was had upon the fictitious defendants by publication or otherwise, but the appellant, S. Maude Hansen, voluntarily appeared before the court and filed a general demurrer to the complaint, alleging that she had been sued under the name of Jane Doe. Her demurrer was overruled. Thereupon, she having failed to answer, her default was duly and regularly entered. The action was dismissed as to certain defendants not served with summons, and judgment was entered for the plaintiffs declaring that there is due from the defendants, Rudolph and Edith Mausard, "principal and interest upon the debt evidenced by the note and secured by the mortgage men-tioned, and set forth in the complaint in this action, the

sum of $6,362.07; also the sum of $123.29, principal and interest for sums expended by plaintiff according to the terms of said mortgage; also the sum of $235 attorney's fee; also the sum of $27.10 costs of suit; that the plaintiff have and recover judgment against defendants Rudolf Mausard and Edith Mausard, his wife, for the several amounts above found due to plaintiff, amounting to the total sum of $——.''

The judgment then provides for the sale of the property and the distribution of the proceeds, and for a deficiency judgment against said Rudolf and Edith Mausard, and that the other defendants and all persons claiming under them, etc., be forever barred and foreclosed of all equity of redemption in the said premises.

[1] Appellant contends that the portion of the judgment above quoted is indefinite and uncertain because the total of the respective sums is not computed and entered therein, but is left blank, and that the clerk when he enters the judgment or issues the execution will have to make the computation, or, it is naively suggested, that perhaps this difficult task will fall to the lot of the sheriff when he advertises the sale, or, indeed, to the supreme court upon appeal. The point is without merit. There is no uncertainty or indefiniteness about mathematical additions. The judgment states definitely the several amounts due to the plaintiff by the defendants.

[2] The second objection of appellant is that the service of summons upon every defendant who was served was made by the attorney for the plaintiff, and that the attorney for the plaintiff is an improper party to make such service. This question is not presented for our consideration upon this appeal. The appellant was not served with summons. She voluntarily appeared and filed a demurrer and submitted herself to the jurisdiction of the court, alleging that she had been named in the complaint as a fictitious defendant. She has no concern with the manner of service upon other defendants.

[3] The next objection urged is that the allegation in the complaint of nonpayment of the note is insufficient. The complaint sets out the fact that the defendants Rudolf and Edith Mausard have defaulted in the payment of the principal sum of said note, together with the interest thereon

from the eighteenth day of January, 1915, at the rate of six per cent per annum, *no part of which said sum, nor interest thereon, has been paid.* This is a sufficient allegation of nonpayment as against a general demurrer.

The other objections urged are as lacking in merit as are those already discussed, and it would serve no purpose to consider them here.

The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.